Mr. Justice Clayton
delivered the opinion of the Court.
The complainant Hanna, in the year 1840, purchased of the defendant Harper a tract of land at the price of eight thousand dollars, and executed his notes payable in one, two, three, and four years, for $2000 each. He took the bond of Harper binding him to make title, upon payment of the purchase-money. This bill was filed in 1841, alleging that Harper had no title to the land, and could procure none ; that he w&s insolvent, and that there were outstanding judgments to a large amount unsatisfied against him. The bill states that suit had been brought on one of the notes for the use of the defendant Berry, and that two of the other notes had been transferred to the defendant Lum. It prays a rescission of the contract, a perpetual injunction as to the note sued on, and that the others may be decreed to be cancelled. No fraud or eviction is charged.
Berry filed his answer admitting the insolvency of Harper. He also made his answer a cross-bill, and required the complainant to answer and say whether the judgments against Harper, mentioned in the bill, are prior or subsequent to his purchase of the land. The complainant answered the cross-bill, saying that he did not know whether they were prior or subsequent to his purchase, and stating, moreover, that Harper still owed his vendors largely for the land. Harper also answered; he deniedJhis insolvency ; denied that there were any outstanding unsatisfied judgments against him, and insisted that if complainant would fulfil his part of the agreement, that he was fully able to comply on his part. He also filed as an exhibit the title-bond of his vendors Compton & Ricketts, binding them to convey the lands to him by deed in all the year 1841. There was no proof taken in the cause.
Upon this state of facts the Chancellor dissolved the injunction, and the case was brought by appeal to this Court.
The complainant has not brought himself within any rule known to this Court, to sustain the injunction. By the terms of his contract he was not authorized to call for a title, until the year 1844. He complained of no fraud. If previous to the time when he might call for title, he goes into equity for relief, then it is incumbent upon him to point out clearly, and to sustain by proof, the defects of which he complains. Harris et al. v. Bolton, 7 How. 167. He does not, *803 in his answer to the cross-bill, show the existence of the incumbran-ces of which he complains; on the contrary, he shows his inability to substantiate their existence. The taking time to make the title might have been intended to enable the defendant to procure- it in the interim. To compel him to procure it, and exhibit it at an earlier day, would be, in the absence of fraud, to make a new contract for the parties, not to enforce that which was made.
We think the complainant has failed to make out a case for equitable interposition, and we therefore direct the decree of the Chancellor to be affirmed.